**LINDA LOPEZ**
Florida Bar No. 0177301
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5030
Telephone: (619) 234-8467
linda_lopez@fd.org

Attorneys for Mr. Vasquez-Cabrales

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(**HONORABLE WILLIAM Q. HAYES**)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>RAMON VASQUEZ-CABRALES,<br><br>　　　　　　Defendant. | CASE NO. 08CR0972-WQH<br><br>DATE: April 29, 2008<br>TIME: 10:30 a.m.<br><br>**DEFENDANT'S RESPONSE AND OPPOSITION TO MATERIAL WITNESS' MOTION FOR VIDEOTAPED DEPOSITIONS** |

TO:   KAREN P. HEWITT, UNITED STATES ATTORNEY, AND
      JOSEPH ORABONA, ASSISTANT UNITED STATES ATTORNEY:

Defendant Ramon Vasquez-Cabrales, by and through his attorneys, Linda Lopez and Federal Defenders of San Diego, Inc., hereby files the following Defendant's Response and Opposition to Material Witness' Motion for Videotaped Depositions.

**I.**

**STATEMENT OF FACTS**

The following statement of facts and facts further cited in this motion are based primarily on the probable cause statement. Mr. Vasquez-Cabrales in no way admits the truth of these facts nor their accuracy as cited in these motions. Further, Mr. Vasquez-Cabrales reserves the right to challenge the truth and accuracy of these facts in any subsequent pleadings or during any further proceedings.

//

1    On March 25, 2008, Supervisory Border Patrol Agent D. Hill observed a Ford F150 truck driving approximately five miles north of the United states/Mexico international Boundary approximately twenty miles east of the Tecate, California Port of Entry. According the Agent Hill the truck appeared to be heavily laden as it bounced excessively.

Agent Hill continued following the Ford pick-up westbound on I-8 and allegedly saw a silver tarp covering the bed of the truck. According to Agent Hill, people were "observed moving under the tarp." The truck was pulled over and seven individuals were located underneath the tarp while one other individual was located on the floorboard of the pick-up truck.

## II.

### THE MOTION FOR THE MATERIAL WITNESSES' DEPOSITION SHOULD BE DENIED BECAUSE THERE IS NO SHOWING OF UNAVAILABILITY OF THE WITNESSES AND THE MOTION IS MADE PREMATURELY

Title 18, United States Code § 3144 governs the detention of individuals who may give testimony material to a criminal proceeding. This section provides that where the witness is not able to meet the conditions of the bond set by the court and is detained, the court may order the deposition of the witness where (1) deposition may secure the testimony of the witness and (2) further detention is not necessary to prevent a failure of justice. See 18 U.S.C. § 3144. In this case, the material witnesses have moved for videotaped depositions pursuant to 18 U.S.C. § 3144. Although a deposition may secure the material witnesses' testimony, this Court should order the material witnesses' continued detention in order to protect Mr. Vasquez-Cabrales' constitutional rights. In the alternative, this Court should modify the conditions of release so that the material witnesses can remain in the United States until this case is resolved.

Depositions in criminal cases are generally disfavored for several reasons, including the threat to the defendant's Sixth Amendment confrontation rights. United States v. Drogoul, 1 F.3d 1546, 1551-52 (11th Cir. 1993). All defendants have the right to confront witnesses against them. See U.S. CONST. Amend. VI. The Supreme Court's decision in Crawford v. Washington, 541 U.S. 36 (2004), reaffirmed this principle—developed at common law and incorporated into the Confrontation Clause of the Sixth Amendment by the Framers—that testimonial statements may not be admitted against a defendant where the defendant has not had the opportunity to cross-examine the declarant. This is true even where the

statements fall within a "firmly rooted hearsay exception" or bear "particularized guarantees of trustworthiness." Id. at 60.

In Crawford, the Supreme Court noted that the Sixth Amendment was drafted in order to protect against the "civil-law mode of criminal procedure" and "its use of *ex parte* examinations as evidence against the accused." Id. at 50. Such *ex parte* examinations implicate Sixth Amendment concerns because they are "testimonial" in nature. The "text of the Confrontation Clause reflects this focus" and applies to "witnesses against the accused - in other words, those who bear testimony." Id. at 51 (internal quotations omitted). Although the Supreme Court declined to define "testimonial" evidence, they noted that an "accuser who makes a formal statement to government officers bears testimony in a sense that a person who makes a casual remark to an acquaintance does not." Id. The Confrontation Clause does not permit such testimonial statements to be admitted at trial against an accused without the constitutionally prescribed method of determining reliability, *i.e.*, confrontation. Id. at 61-65. In other words, "[w]here testimonial evidence is at issue . . . the Sixth Amendment demands . . . unavailability [of the declarant] and a prior opportunity for cross-examination." Id. at 68.

Despite Crawford's broad prohibition of testimonial statements at trial where the defendant has no opportunity to confront the witness, there are some situations in which depositions may nonetheless be taken. In these situations, the burden is on the moving party to establish *exceptional circumstances* justifying the taking of depositions. Drogoul, 1 F.3d 1546 at 1552 (citing United States v. Fuentes-Galindo, 929 F.2d 1507, 1510 (10th Cir. 1991)). The trial court's discretion is generally guided by consideration of certain "critical factors," such as whether (1) the witness is unavailable to testify at trial; (2) injustice will result because testimony material to the nonmoving party's case will be absent; and (3) countervailing factors render taking the deposition unjust to the nonmoving party. Id. at 1552.

When considering this issue, this Court must balance the interests of the government and the accused, as well as the interests of the material witnesses. Although the material witnesses may have a liberty interest at stake, that interest is outweighed by Mr. Vasquez-Cabrales' weighty constitutional rights of confrontation and due process of law. The Confrontation Clause serves several purposes: "(1) ensuring that witnesses will testify under oath; (2) forcing witnesses to undergo cross-examination; and (3) permitting the jury to observe the demeanor of witnesses." United States v. Sines, 761 F.2d 1434, 1441 (9th Cir. 1985).

1  It allows the accused to test the recollection and the conscience of a witness through cross-examination and
2  allows the jury to observe the process of cross-examination and make an assessment of the witness'
3  credibility. Maryland v. Craig, 497 U.S. 836, 851 (1989); Ohio v. Roberts, 448 U.S. 56, 63-64 (1980). In
4  a case such as the one, where the material witness has received the benefit of the Government refraining from
5  pressing criminal charges in return for her testimony against the accused,[1] it is important that the jury see the
6  reaction and demeanor of the material witness when they are confronted with questions that will bring out
7  such facts in order for the jury to decide whether to believe her statements and/or how much credit to give
8  to her testimony. The jury's ability to make such an assessment would be compromised by a videotaped
9  deposition because the tape may not preserve subtle reactions of the witnesses under cross-examination that
10 may favor the accused. The Ninth Circuit recently reaffirmed these important constitutional issues in Yida
11 v. United States, ___ F.3d ___, 2007 WL 2325143 at *3 (9th Cir, Aug. 16, 2007): "Underlying both the
12 constitutional principles and the rules of evidence is a preference for live testimony. Live testimony gives
13 the jury . . . the opportunity to observe the demeanor of the witness while testifying."

14          Moreover, the decision to grant video depositions is governed by Federal Rule of
15 Criminal Procedure 15(a) which states that a material witness' deposition may be taken only upon a showing
16 of "exceptional circumstances." United States v. Omene, 143 F.3d 1167, 1170 (9th Cir. 1998). The
17 material witness here, however, has failed to demonstrate any "exceptional circumstances" justifying the
18 impingement of Mr. Vasquez-Cabrales' Sixth Amendment rights.

19          Furthermore, this Court should consider the unique circumstances faced by the Ninth Circuit
20 in Torres-Ruiz. Unlike this case, in Torres-Ruiz the material witness' motion for videotape deposition was
21 unopposed by the defendant. 120 F.3d at 934-35. Perhaps more importantly, in Torres-Ruiz, the defendant
22 entered a guilty plea less than two weeks after the motion for deposition was made, indicating that the case
23 was already near disposition when the motion was made. Id. at 936-37. As of now, however, the instant case
24 stands in a much different procedural posture.

---

[1] This Court should be mindful of the fact that the only reason the Government has not charged the material witnesses with a crime is that the Government seeks to introduce their testimony against the accused. The material witnesses could have been charged with illegal entry under 8 U.S.C. § 1325, which carries a maximum sentence of six (6) months imprisonment. Needless to say, the Government would not concern itself with the material witnesses' liberty interests had it, in fact, charged them with this offense.

1  Mr. Vasquez-Cabrales has pled not guilty to all counts of the Indictment. This motion is to be heard before the substantive motion hearing date currently scheduled before Judge Hayes on May 19, 2008. The defense has yet to conduct extensive investigation in this case. In short, it is very early in the case. To require Mr. Vasquez-Cabrales to cross-examine the material witnesses at the current juncture of the proceedings would severely prejudice his future trial rights. Any cross examination of the material witnesses at this point would be at best meaningless, and at worst ineffective and potentially harmful to Mr. Vasquez-Cabrales and his defense. Although there is one material witness free on bond who could possibly be available to give live testimony in this case if needed this will be completely inadequate to protect Mr. Vasquez-Cabrales' Fifth and Sixth Amendments because all of the material witnesses' testimonies are relevant and subject to challenge in the presence of the jury. Each of the material witnesses has a unique story to tell—a story that must be subject to live cross-examination.

Finally, if the Court determines that the issue must be addressed at this point in time, the Court can easily resolve the issue by modifying the conditions of release for the material witnesses so that their continued detention would be unnecessary. Conditions of release for material witnesses is governed by 18 U.S.C. § 3142. Under this section, "[t]he judicial officer **shall** order the pretrial release of the person on personal recognizance, or upon execution of an unsecured personal appearance bond . . . unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required." 18 U.S.C. § 3142(b). Moreover, the Bail Reform Act states that "[t]he judicial officer may not impose a financial condition that results in the pretrial detention of the person." 18 U.S.C. § 3142(c)(2). This mandate, combined with the preference for release upon one's own recognizance, strongly suggests that the proper remedy for the material witness in this case is a motion to modify the terms of her release, not for the draconian remedy of immediately ordering a videotaped deposition and deporting the material witnesses to Mexico.

The material witnesses here allege that they cannot secure a personal surety able to post an appearance bond. Nowhere, however, do the material witnesses state their unwillingness to remain in the United States during the pendency of this case. This Court can, and should, modify the material witnesses' bonds to allow them to re-gain her freedom, while at the same time safeguarding Mr. Vasquez-Cabrales' Sixth Amendment rights. The material witnesses have no incentive not to come back to court to testify. The

1 material witnesses are not being charged with a crime. The material witnesses have no incentive to flee the
2 country. Indeed, if the statement of facts in support of the complaint in this case is to be believed, this
3 material witnesses were prepared to pay money to be smuggled illegally into the United States by friends and
4 family members in the United States. Therefore, they obviously wants to remain in this country, fully within
5 the subpoena power of the Court.

### III.
### CONCLUSION

For the reasons stated above, Mr. Vasquez-Cabrales respectfully requests that this Court deny the material witnesses' motion for a videotaped deposition.

Respectfully submitted,

DATED:   April 28, 2008              */s/ Linda Lopez*
                                     **LINDA LOPEZ**
                                     Federal Defenders of San Diego, Inc.
                                     Attorneys for Mr. Vasquez-Cabrales

**CERTIFICATE OF SERVICE**

Counsel for Defendant certifies that the foregoing pleading is true and accurate to the best of her information and belief, and that a copy of the foregoing document has been served this day upon:

**Charles N Guthrie**
charlesnguthrie@aol.com

**Holly S Hanover**
netlawyr@aol.com,hollyhsh@aol.com

**Linda A King**
laking@N2.net,vbm_5562@yahoo.com

**Joseph J.M. Orabona**
joseph.orabona@usdoj.gov,glory.rascon@usdoj.gov,efile.dkt.gc1@usdoj.gov

Dated: April 28, 2008                    /s/ Linda Lopez
                                         LINDA LOPEZ
                                         Federal Defenders of San Diego, Inc.
                                         225 Broadway, Suite 900
                                         San Diego, CA 92101-5030
                                         (619) 234-8467  (tel)
                                         (619) 687-2666  (fax)
                                         e-mail: Linda_Lopez@fd.org