KAREN P. HEWITT
United States Attorney
JOSEPH J.M. ORABONA
Assistant U.S. Attorney
California State Bar No. 223317
Federal Office Building
880 Front Street, Room 6293
San Diego, California  92101-8893
Telephone: (619) 557-7736
Email: joseph.orabona@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAMON VASQUEZ-CABRALES (1),<br><br>Defendant. | Criminal Case No. 08CR0972-WQH<br><br>Date: May 19, 2008<br>Time: 2:00 p.m.<br><br>The Honorable William Q. Hayes<br><br>**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTIONS TO**<br><br>**1) COMPEL DISCOVERY; AND**<br>**2) LEAVE TO FILE FURTHER MOTIONS**<br><br>**TOGETHER WITH STATEMENT OF FACTS, MEMORANDUM OF POINTS AND AUTHORITIES** |

The plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Joseph J.M. Orabona, Assistant United States Attorney, hereby files its Response in Opposition to Defendant Vasquez-Cabrales' above-referenced Motions.  This Response in Opposition is based upon the files and records of the case, together with the attached statement of facts and memorandum of points and authorities.

/ /

/ /

**I**

**STATEMENT OF THE CASE**

On April 9, 2008, a federal grand jury in the Southern District of California returned a three-count Indictment charging Ramon Vasquez-Cabrales, Bernice Pelayo-Hernandez, and Denise Pelayo-Hernandez with transportation of illegal aliens and aiding and abetting, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and (v)(II). On April 10, 2008, Defendants were arraigned on the Indictment and each Defendant pled not guilty. On April 29, 2008, Defendant Vasquez-Cabrales filed motions to compel discovery and leave to file further motions. The United States files the following response in opposition to Defendant Vasquez-Cabrales' motions.

**II**

**STATEMENT OF FACTS**

**A.    OFFENSE CONDUCT**

**1.    Events Leading To Apprehension**

On March 25, 2008, Border Patrol Agents were assigned to patrol duties near Boulevard, California in marked vehicles. Boulevard, California, is approximately five miles north of the U.S.-Mexico international border and approximately twenty miles east of Tecate, California, Port of Entry. At approximately 9:57 p.m., agents observed a white Ford F-150 pickup truck traveling northbound with the driver and passenger visible and the truck appeared heavily laden as it bounced excessively. Agents followed the truck onto Interstate 8. Agents performed a registration check and learned the truck was registered with a release of liability. In the agents experience, illegal alien and drug smugglers use vehicles with a release of liability in order to conceal the identity of the true owner of the vehicle. Agents pulled alongside the truck and observed the driver, later identified as Ramon Vasquez-Cabrales, and observed a tarp covering the bed area of the pickup truck. The truck exited the freeway and turned into a driveway with a locked gate. While the truck was stopped, agents observed several people moving around underneath the tarp in the back of the truck. Agents exited their vehicles and approached the truck, where they found the driver and nine individuals – one in the passenger seat, one on the floorboard, and seven laying down underneath the tarp in the bed of the truck. All nine individuals freely admitted to being citizens and nationals of Mexico without any documentation to enter or legally

1  remain in the United States. All nine individuals were arrested and transported for processing.

2  At approximately 11:00 p.m., Border Patrol agents assigned to the Highway 94 checkpoint in Jamul, California, encountered two females, later identified as Bernice Pelayo-Hernandez and Denise Pelayo-Hernandez, approach the primary lanes in a gold Dodge Intrepid. Both females claimed to be United States citizens, but the driver, Bernice Pelayo-Hernandez, did not have any identification and was referred to secondary inspection for further checks.

While in the secondary area, Bernice Pelayo-Hernandez told agents that she had come directly from Tecate, Mexico, and that she had been in Mexico. However, records checks revealed that the car driven by Bernice Pelayo-Hernandez had not crossed into the United States from Mexico within the last 72 hours. Bernice Pelayo-Hernandez freely admitted that she contacted a friend, named "Ramon/Eduardo" to work as a scout for alien smuggling. Her role was to drive past the Golden Acorn Casino and let "Ramon/Eduardo" know whether the area was clear of Border Patrol and California Highway Patrol. Bernice Pelayo-Hernandez said she had not be contacted and so she assumed that the vehicle for which she was a scout had been caught. Agents arrested Bernice and Denise Pelayo-Hernandez for alien smuggling.

## 2. **Post-Arrest Statements**

Agents advised Bernice Pelayo-Hernandez of her <u>Miranda</u> rights, she acknowledged she understood her rights, and agreed to waive her rights and speak with agents without the presence of counsel. Bernice Pelayo-Hernandez, who is a citizen of the United States, said she had been contacted several times in the past week by a man to see whether she would work as a scout driver for an alien smuggling vehicle. She told agents that she met the man only once and that she and her sister, Denise, have smuggled aliens for the man in the past. On this occasions, she was to be paid $200.00. Bernice Pelayo-Hernandez also told agents that her sister, Denise, had the registration to the pickup truck, which was driven by co-defendant Ramon Vasquez-Cabrales, in her purse in the event that they had to unload the aliens before the checkpoint, have the aliens walk around the checkpoint, while Bernice and Denise drove the empty truck through the checkpoint to the pickup area on the other side.

Agents advised Denise Pelayo-Hernandez of her <u>Miranda</u> rights, she acknowledged she understood her rights, and agreed to waive her rights and speak with agents without the presence of

counsel. Denise Pelayo-Hernandez, who is a citizen of the United States, agreed to accompany her sister, Bernice, as a scout driver for an alien smuggling vehicle. Denise Pelayo-Hernandez said that their job was to drive to the Border Patrol checkpoint on Highway 94 to see whether it was operational and communicate with the smugglers. Denise Pelayo-Hernandez admitted that her sister, Bernice, gave her the registration to the pickup truck, which was driven by co-defendant Ramon Vasquez-Cabrales. Denise Pelayo-Hernandez told agents that she did not know why her sister gave her the paperwork.

### 3. Material Witness Statements

Material Witnesses Eduardo Reyes-Rodriguez, Juan Carlos Yepez-Yepez, and Ramon Torres-Silva (collectively "Material Witnesses"), freely admitted to being citizens and nationals of Mexico without any documentation to enter or remain legally in the United States. Material Witnesses admitted that they were going to pay between $1,300 and $1,500 to be smuggled into the United States and transported to their destination therein. Material Witness Eduardo Reyes-Rodriguez, was shown a photographic lineup and was able to identify Defendant Vasquez-Cabrales as the driver of the truck.

### B.   DEFENDANTS' CRIMINAL AND IMMIGRATION HISTORIES

Ramon Vasquez-Cabrales is a citizen and national of Mexico. Defendant Vasquez-Cabrales does not have any prior criminal convictions, however, he has been apprehended before by Border Patrol on or about February 11, 2008. Defendant Vasquez-Cabrales was removed to Mexico shortly thereafter.

Bernice Pelayo-Hernandez is a citizen of the United States. She has no prior criminal convictions, but she has several prior apprehensions for alien smuggling at the San Ysidro, California, Port of Entry and at the Border Patrol Checkpoint on Highway 94 on or about: (1) March 4, 2004; (2) December 5, 2005; (3) November 16, 2007; and (4) January 21, 2008.

Denise Pelayo-Hernandez is a citizen of the United States. She has no prior criminal convictions, but she has several prior apprehensions for alien smuggling, on the same days as her sister, Bernice, at the San Ysidro, California, Port of Entry and at the Border Patrol Checkpoint on Highway 94 on or about: (1) March 4, 2004; and (2) January 21, 2008.

//

//

**III**

**THE UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTIONS ALONG WITH MEMORANDUM OF POINTS AND AUTHORITIES**

### A.  DEFENDANT'S MOTION TO COMPEL DISCOVERY SHOULD BE DEINED

As of the date of this Motion, the United States has produced 136 pages of discovery (including reports of the arresting officers and agents, criminal history reports, documents concerning Defendant Vasquez-Cabrales' prior convictions and immigration history) and one DVD-ROM containing each Defendant Vasquez-Cabrales' videotaped, post-arrest statements. The United States will continue to comply with its obligations under Brady v. Maryland, 373 U.S. 83 (1963), the Jenks Act (18 U.S.C. §3500 et seq.), and Rule 16 of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P."). At this point the United States has received **no** reciprocal discovery. In view of the below-stated position of the United States concerning discovery, the United States respectfully requests the Court issue no orders compelling specific discovery by the United States at this time.

#### 1.  *Brady* Material

The United States has complied and will continue to comply with its obligations under Brady v. Maryland, 373 U.S. 83 (1963). Under Brady and United States v. Agurs, 427 U.S. 97 (1976), the government need not disclose "every bit of information that might affect the jury's decision." United States v. Gardner, 611 F.2d 770, 774-75 (9th Cir. 1980). The standard for disclosure is materiality. Id. "Evidence is material under Brady only if there is a reasonable probability that the result of the proceeding would have been different had it been disclosed to the defense." United States v. Antonakeas, 255 F.3d 714, 725 (9th Cir. 2001).

The United States will also comply with its obligations to disclose exculpatory evidence under Brady v. Maryland, 373 U.S. 83 (1963). Furthermore, impeachment evidence may constitute Brady material "when the reliability of the witness may be determinative of a criminal defendant's guilt or innocence." United States v. Blanco, 392 F.3d 382, 387 (9th Cir. 2004) (internal quotation marks omitted). However, the United States will not produce rebuttal evidence in advance of trial. See United States v. Givens, 767 F.2d 574, 584 (9th Cir. 1984).

/ /

### 2. Any Proposed 404(b) or 609 Evidence

The United States has complied and will continue to comply with its obligations under Rules 404(b) and 609 of the Federal Rules of Evidence ("Fed. R. Evid."). The United States has already provided Defendant Vasquez-Cabrales with a copy of his criminal record, in accordance with Fed. R. Crim. P. 16(a)(1)(D).

Furthermore, pursuant to Fed. R. Evid. 404(b) and 609, the United States will provide Defendant Vasquez-Cabrales with reasonable notice before trial of the general nature of the evidence of any extrinsic acts that it intends to use at trial. See FED. R. EVID. 404(b), advisory committee's note ("[T]he Committee opted for a generalized notice provision which requires the prosecution to appraise the defense of the general nature of the evidence of extrinsic acts. The Committee does not intend that the amendment will supercede other rules of admissibility or disclosure[.]").

### 3. Request for Preservation of Evidence

The United States will preserve all evidence pursuant to an order issued by this Court. The United States objects to an overbroad request to preserve all physical evidence. The United States does not oppose Defendant Vasquez-Cabrales' request to inspect the firearm and ammunition possessed by and seized from Defendant Vasquez-Cabrales in the instant offense.

### 4. Defendant's Statements

The United States has turned over a number of investigative reports, including those which disclose the substance of Defendant Vasquez-Cabrales' oral statements made in response to routine questioning by United States' law enforcement officers. If additional reports by United States' agents come to light, the United States will supplement its discovery. The United States recognizes its obligations under Fed. R. Crim. P. 16(a)(1)(A) to disclose "the substance of any relevant oral statement made by the defendant, before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement in trial." However, the United States is not required under Fed. R. Crim. P. 16 to deliver oral statements, if any, made by a defendant to persons who are not United States' agents. Nor is the United States required to produce oral statements, if any, voluntarily made by a defendant to United States' agents. See United States v. Hoffman, 794 F.2d 1429, 1432 (9th Cir. 1986); United States v. Stoll, 726 F.2d 584, 687-88

(9th Cir. 1984). Fed. R. Crim. P. 16 does not require the United States to produce statements by Defendant Vasquez-Cabrales that it does not intend to use at trial. Moreover, the United States will not produce rebuttal evidence in advance of trial. See Givens, 767 F.2d at 584.

The United States also objects to Defendant Vasquez-Cabrales' request for an order for production of any rough notes of United States' agents that may exist. Production of these notes, if any exist, is unnecessary because they are not "statements" within the meaning of the Jencks Act unless they contain a substantially verbatim narrative of a witness' assertions and they have been approved or adopted by the witness. See discussion infra Part III.A.19; see also United States v. Alvarez, 86 F.3d 901, 906 (9th Cir. 1996); United States v. Bobadilla-Lopez, 954 F.2d 519, 522 (9th Cir. 1992). The production of agents' notes is not required under Fed. R. Crim. P. 16 because the United States has "already provided defendant with copies of the formal interview reports prepared therefrom." United States .v Griffin, 659 F.2d 932, 941 (9th Cir. 1981). In addition, the United States considers the rough notes of its agents to be United States' work product, which Fed. R. Crim. P. 16(a)(2) specifically exempts from disclosure.

**5.    Tangible Objects**

The United States has complied and will continue to comply with Fed. R. Crim. P. 16(a)(1)(E) in allowing Defendant Vasquez-Cabrales an opportunity, upon reasonable notice, to examine, inspect, and copy all evidence seized and/or tangible objects that are within the possession, custody, or control of the United States, and that are either material to the preparation of Defendant Vasquez-Cabrales' defense, or are intended for use by the United States as evidence during its case-in-chief, or were obtained from or belongs to Defendant Vasquez-Cabrales. The United States need not, however, produce rebuttal evidence in advance of trial. See Givens, 767 F.2d at 584.

**6.    Expert Witnesses**

The United States has complied and will continue to comply with Fed. R. Crim. P. 16(a)(1)(G) and provide Defendant Vasquez-Cabrales with notice and a written summary of any expert testimony that the United States intends to use during its case-in-chief at trial under Fed. R. Evid. 702, 703, or 705. In addition, the United States will provide Defendant Vasquez-Cabrales with any scientific tests or examinations, in accordance with Fed. R. Crim. P. 16(a)(1)(F).

**7.    Witness Addresses**

The United States objects to Defendant Vasquez-Cabrales' request for witness addresses and phone numbers. Defendant Vasquez-Cabrales is not entitled to the production of addresses or phone numbers of possible witnesses for the United States. See United States v. Hicks, 103 F.3d 837, 841 (9th Cir. 1996); United States v. Thompson, 493 F.2d 305, 309 (9th Cir. 1977), cert denied, 419 U.S. 834 (1974). None of the cases cited by Defendant Vasquez-Cabrales, nor any rule of discovery, requires the United States to disclose witness addresses. There is no obligation for the United States to provide addresses of witnesses that the United States intends to call or not call. Therefore, the United States will not comply with this request.

The United States will produce the names of witnesses it intends to call at trial. Defendant Vasquez-Cabrales has already received access to the names of potential witnesses through the discovery sent to his counsel. The United States is not aware of any individuals who were witnesses to Defendant Vasquez-Cabrales' offense except the law enforcement agentes who apprehended him. The names of these individuals have already been provided to Defendant Vasquez-Cabrales.

**8.    Jencks Act Material**

The United States will fully comply with its discovery obligations under the Jencks Act. For purposes of the Jencks Act, a "statement" is (1) a written statement made by the witness and signed or otherwise adopted or approved by him, (2) a substantially verbatim, contemporaneously recorded transcription of the witness' oral statement, or (3) a statement by the witness before a grand jury. See 18 U.S.C. § 3500(e). Notes of an interview only constitute statements discoverable under the Jencks Act if the statements are adopted by the witness, as when the notes are read back to a witness to see whether or not the government agent correctly understood what the witness said. United States v. Boshell, 952 F.2d 1101, 1105 (9th Cir. 1991) (citing Goldberg v. United States, 425 U.S. 94, 98 (1976)). In addition, rough notes by a government agent "are not producible under the Jencks Act due to the incomplete nature of the notes." United States v. Cedano-Arellano, 332 F.3d 568, 571 (9th Cir. 2004).

Production of this material need only occur after the witness making the Jencks Act statements testifies on direct examination. See United States v. Robertson, 15 F.3d 862, 873 (9th Cir. 1994). Indeed, even material that is potentially exculpatory (and therefore subject to disclosure under Brady)

1  need not be revealed until such time as the witness testifies on direct examination if such material is
2  contained in a witness's Jencks Act statements. See United States v. Bernard, 623 F.2d 551, 556 (9th
3  Cir. 1979). Accordingly, the United States reserves the right to withhold Jencks Act statements of any
4  particular witness it deems necessary until after they testify.

**9.     Informants and Cooperating Witnesses**

Defendant Vasquez-Cabrales incorrectly asserts that Roviaro v. United States, 353 U.S. 52 (1957), establishes a per se rule that the United States must disclose the identity and location of confidential informants used in a case. Rather, the Supreme Court held that disclosure of an informer's identity is required only where disclosure would be relevant to the defense or is essential to a fair determination of a cause. Id. at 60-61. Moreover, in United States v. Jones, 612 F.2d 453 (9th Cir. 1979), the Ninth Circuit held:

> The trial court correctly ruled that the defense had no right to pretrial discovery of information regarding informants and prospective government witnesses under the Federal Rules of Criminal Procedure, the Jencks Act, 18 U.S.C. § 3500, or Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

Id. at 454. As such, the United States is not obligated to make such a disclosure, if there is in fact anything to disclose, at this point in the case.

As previously stated, the United States will provide Defendant Vasquez-Cabrales with a list of all witnesses which it intends to call in its case-in-chief at the time the United States' trial memorandum is filed, although delivery of such a list is not required. See United States v. Dischner, 960 F.2d 870 (9th Cir. 1992); United States v. Mills, 810 F.2d 907, 910 (9th Cir. 1987); United States v. Culter, 806 F.2d 933, 936 (9th Cir. 1986). Defendant Vasquez-Cabrales, however, is not entitled to the production of addresses or phone numbers of possible witnesses for the United States. See United States v. Hicks, 103 F.3d 837, 841 (9th Cir. 1996); United States v. Thompson, 493 F.2d 305, 309 (9th Cir. 1977), cert denied, 419 U.S. 834 (1974). Defendant Vasquez-Cabrales has already received access to the names of potential witnesses in this case in the investigative reports previously provided.

**10.    Residual Request**

As to exculpatory information, the United States is aware of its obligations under Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972) and will comply. In

1  addition, the United States has complied and will continue to comply with <u>United States v. Henthorn</u>,
2  931 F.2d 29 (9th Cir. 1991) by requesting that all federal agencies involved in the criminal investigation
3  and prosecution review the personnel files of the federal law enforcement inspectors, officers, and
4  special agents whom the United States intends to call at trial and disclose information favorable to the
5  defense that meets the appropriate standard of materiality.  <u>See</u> <u>United States v. Booth</u>, 309 F.3d 566,
6  574 (9th Cir. 2002) (<u>citing</u> <u>United States v. Jennings</u>, 960 F.2d 1488, 1489 (9th Cir. 1992)).   If the
7  materiality of incriminating information in the personnel files is in doubt, the information will be
8  submitted to the Court for an <u>in camera</u> inspection and review.  Thus, as already indicated, the United
9  States will continue to comply with its discovery obligations in a timely manner.

**B.    LEAVE TO FILE FURTHER MOTIONS**

The United States does not oppose Defendant Vasquez-Cabrales' request to file further motions if they are based on new discovery or other information not available to Defendant Vasquez-Cabrales at the time of this motion hearing.

**IV**

**CONCLUSION**

For the foregoing reasons, the United States requests the Court deny Defendant Vasquez-Cabrales' Motions to Compel Discovery and Leave to File Further Motions, unless unopposed.

DATED: May 10, 2008.

                                                       Respectfully submitted,

                                                       KAREN P. HEWITT
                                                     United States Attorney

                                                     /s/ *Joseph J.M. Orabona*
                                                     JOSEPH J.M. ORABONA
                                                     Assistant United States Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Case No. 08CR0972-WQH |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CERTIFICATE OF SERVICE** |
| v. | ) | |
| | ) | |
| RAMON VASQUEZ-CABRALES (1), | ) | |
| | ) | |
| Defendant. | ) | |

IT IS HEREBY CERTIFIED that:

I, Joseph J.M. Orabona, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **The United States' Response in Opposition to Defendant's Motions to Compel Discovery and Leave to File Further Motions** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

> Linda Lopez, Esq.
> Federal Defenders of San Diego, Inc.
> 225 Broadway, Suite 900
> San Diego, California 92101
> Tel: (619) 234-8467
> Email: linda_lopez@fd.org
> *Lead Attorney for Defendant*

A hard copy is being sent to chambers.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 10, 2008.

/s/ *Joseph J.M. Orabona*
JOSEPH J.M. ORABONA
Assistant United States Attorney